# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PARK BOARD LTD. | § | |
|     *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-CV-00382 |
| | § | Judge Mazzant |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY and DANIEL | § | |
| PROUGH, | § | |
|     *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Request for Reimbursement of Costs (Dkt. #47) and Plaintiff's Request for Reimbursement of Costs (Dkt. #48). Having considered the Motions and the relevant pleadings, the Court finds that each Motion is **DENIED**.

## BACKGROUND

Plaintiff Park Board Ltd. ("Park Board") purchased an insurance policy (the "Policy") from State Automobile Mutual Insurance Company ("State Auto") in January 2017 for a commercial building in Collin County. The Policy includes a clause entitling the insurer and insured to an "appraisal," which determines the amount of loss to damaged property if the Parties disagree on the initial valuation. Either side may demand an appraisal, which prompts each side to select its own appraiser. The chosen appraisers subsequently select a third—an "umpire"—or have one appointed by the Court. Working together, the group will determine the appropriate amount of damage.

In March and April of 2017, Park Board's property sustained damage from severe wind and hail storms. Park Board reported a claim to State Auto immediately. State Auto's adjuster assessed the claim and found a damage amount of $8,097.85 (below the policy's $26,006.00

deductible) (Dkt. #42, Exhibit 1 at p. 1, 3). Because the adjuster determined the damage to be less than the Policy's deductible, State Auto informed Park Board that it would not pay the claim via email on April 7, 2017 (Dkt. #42, Exhibit 1 at p. 1). Park Board contends that State Auto failed to conduct a good faith investigation into the damages and that a reasonable insurer would not have valued the claim so low. Not satisfied with the result from the adjuster, Park Board sought to initiate appraisal pursuant to the Policy in January 2018 (Dkt. #30, ¶ 32). According to Park Board, State Auto denied the request for appraisal in breach of the Policy. In response, Park Board filed suit in April 2018, a year after the storm occurred.

On November 6, 2018, State Auto filed Defendants' Motion to Abate (Dkt. #31). On December 3, 2018, the Court entered its Order granting State Auto's Motion to Abate (Dkt. #34). The Order stayed all discovery pending the appraisal process. The Court further ordered that "within seven days of completion of the appraisal process, Defendants shall file either: (1) a Motion to Lift Abatement along with the new proposed scheduling deadlines; or (2) if the appraisal process resolves all claims, a Stipulation of Dismissal (Dkt. #34). On April 15, 2019, the parties filed a Joint Notice of Appraisal Award (Dkt. #35). State Auto issued payment of the Appraisal Award to Park Board on April 8, 2019. State Auto claimed that payment of the Appraisal Award resolved all issues and claims before the Court (Dkt. #35). Thus, State Auto continued, the case was ripe for dismissal (Dkt. #35). Park Board disagreed. Park Board countered that it still had viable claims and causes of action against State Auto (Dkt. #35). Thus, Park Board stated that it intended to "continue prosecuting this lawsuit" (Dkt. #35). Following the Joint Notice of Appraisal Award, the parties filed dueling Motions to Lift Abatement (Dkt. #38; Dkt. #40). Both Motions were filed on April 22, 2019 (Dkt. #38; Dkt. #40). Although Dkt. #38 is State Auto's controlling Motion, State Auto originally filed a dual motion in Dkt. #36 on April 19, 2019. That

Motion was entitled Defendants' Motion to Lift Abatement and Dismiss (Dkt. #36). The Clerks Office responded to the filing of Dkt. #36 by marking it deficient. As such, State Auto filed Defendants' Unopposed Motion to Lift Abatement (Dkt. #38), the now controlling Motion, on April 22, 2019. State Auto followed this Motion with Defendants' Motion to Dismiss—a Motion which was also filed on April 22, 2019 (Dkt. #39).

Following State Auto's Motion to Dismiss, counsel for Park Board served upon State Auto's counsel two deposition notices (Dkt. #45). One notice was for Defendant Daniel Prough, the other was for a 30(b)(6) representative of State Auto (Dkt. #45). The purpose of the noticed depositions, according to Park Board, was to prepare a defense to State Auto's Motion to Dismiss (Dkt. #49). In response to the notices, State Auto filed Defendants' Motion to Quash Notices of Deposition (Dkt. #45). State Auto also filed Defendants' Motion for Protective Order (Dkt. #46). On May 17, 2019, the Court entered its Order Lifting Abatement (Dkt. #50). This was followed by the Court granting Defendants' Motion to Quash (Dkt. #51). Defendants' Motion for Protective Order was denied as moot (Dkt. #53).

Before the Court now are cross-motions for costs due to the activity that occurred in this action prior to the Court's Order Lifting Abatement. On May 7, 2019, State Auto filed Defendants' Request for Reimbursement of Costs (Dkt. #47). State Auto argues that it is entitled to costs because it had to respond to improper notices as well as file a Motion to Quash, a Motion for Protective Order, and the instant Motion (Dkt. #47). Park Board filed Plaintiff's Response to Defendants' Request for Reimbursement of Costs on May 15, 2019 (Dkt. #49). In its Response, Park Board argues that State Auto is not entitled to costs due to its "questionable litigation tactics" (Dkt. #49). Park Board further argues that it is entitled to costs due to the costs it incurred in responding to State Auto's Motions (Dkt. #49).

3

On May 15, 2019, after responding to State Auto's Motion for Costs, Park Board filed Plaintiff's Request for Reimbursement of Costs (Dkt. #48). In its Motion, Park Board rehashed the arguments made in its Response to State Auto's Motion. State Auto responded on May 29, 2019, by filing Defendants' Response to Plaintiff's Request for Reimbursement of Costs (Dkt. #52). State Auto contends that it did not err in filing its Motion to Dismiss prior to the Court's Order Lifting Abatement. State Auto also disputes the rate for the costs that Park Board seeks (Dkt. #52). The Court now considers each Motion.

## LEGAL STANDARD

A district court "is afforded broad discretion in allowing the reimbursement of costs." *See Jonathan C. v. Hawkins*, 2007 WL 1138432, at *6 (E.D. TX Apr. 16, 2007) (citing *Loewen v. Turnipseed*, 505 F. Supp. 512, 517 (N.D. Miss. 1980)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir.1998) ("The district court has broad discretion in taxing costs, and we will reverse only upon a clear showing of abuse of discretion.") (citing *Alberti v. Klevenhagen*, 46 F.3d 1347, 1358 (5th Cir.1995)); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir.1991) ("A trial judge has wide discretion with regard to the costs in a case and may order each party to bear his own costs."). "The judge cannot, however, order the prevailing party to share, or shoulder all of, the costs of the non-prevailing party unless the costs serve as a sanction." *Hall*, 937 F.2d at 216 (citing *Three–Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir.1976)). A court must state the reasoning behind its decision should the court determine that the prevailing party should not be awarded costs. *Id.* (citing *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)); *see also Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990) ("[T]he district court is required to provide justification for its actions [in denying costs].").

## ANALYSIS

The matter here is simple.  Both parties were aware that the present action was abated until an appraisal award was entered and the Court issued an order lifting abatement.  Despite this knowledge, State Auto file a Motion to Dismiss and Park Board issued two notices for depositions prior to the Court's Order Lifting Abatement—an Order which was entered on May 17, 2019.  State Auto may contend that its Motion to Dismiss was proper because it had filed a Joint Notice of Appraisal Award and a Motion to Lift Abatement.  Yet, the abatement had not yet been lifted.  Thus, State Auto's Motion to Dismiss was premature and in violation of the Court's Order (Dkt. #34).[1]  Park Board may argue that it was entitled to serve State Auto's counsel with two deposition notices so it could defend against State Auto's Motion to Dismiss.  But, again, discovery was abated, the Court had not yet lifted that abatement, and there were other means to contest the validity of State Auto's premature Motion rather than violating the Court's Order.  Because each party was in violation of the Court's Order, the Court, in its discretion, finds that neither party is entitled to costs.  *See Jonathan C.*, 2007 WL 1138432, at *6.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Request for Reimbursement of Costs (Dkt. #47) and Plaintiff's Request for Reimbursement of Costs (Dkt. #48) are **DENIED**.

**SIGNED this 23rd day of December, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Although State Auto prevailed in its Motion to Quash, State Auto is not entitled to costs because its premature conduct—which was in violation of the Court's Order in Dkt. #34—was the catalyst for Park Board's response.  *See Hall*, 937 F.2d at 216.