# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PARK BOARD LTD. | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:18-CV-00382 |
| | § | Judge Mazzant |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY and DANIEL | § | |
| PROUGH, | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Brett Lochridge's Motion to Quash or, in the Alternative, Modify Subpoena (Dkt. #71). Having considered the Motion and the relevant pleadings, the Court finds that the Motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff Park Board Ltd. ("Park Board") purchased an insurance policy (the "Policy") from Defendant State Automobile Mutual Insurance Company ("State Auto") in January 2017 for a commercial building in Collin County. The Policy includes a clause entitling the insurer and insured to an "appraisal," which determines the amount of loss to damaged property if the Parties disagree on the initial valuation. Either side may demand an appraisal, which prompts each side to select its own appraiser. The chosen appraisers subsequently select a third—an "umpire"—or have one appointed by the Court. Working together, the group will determine the appropriate amount of damage.

In March and April of 2017, Park Board's property sustained damage from severe wind and hail storms. Park Board reported a claim to State Auto immediately. State Auto's adjuster assessed the claim and found a damage amount of $8,097.85 (below the policy's $26,006.00

deductible) (Dkt. #42, Exhibit 1 at p. 1, 3). Because the adjuster determined the damage to be less than the Policy's deductible, State Auto informed Park Board that it would not pay the claim via email on April 7, 2017 (Dkt. #42, Exhibit 1 at p. 1). Park Board contends that State Auto failed to conduct a good faith investigation into the damages and that a reasonable insurer would not have valued the claim so low. Not satisfied with the result from the adjuster, Park Board sought to initiate appraisal pursuant to the Policy in January 2018 (Dkt. #30, ¶ 32). According to Park Board, State Auto denied the request for appraisal in breach of the Policy. In response, Park Board filed suit in April 2018, a year after the storm occurred. The Parties ultimately initiated the appraisal process in August 2018.

State Auto's appraiser and the umpire signed and issued their findings in April 2019. The appraisers found that it would cost $211,546.56 to purchase replacement parts for any damages to the property. They also found that, at the time the wind and hail storms hit, the parts of the property that were damaged had already depreciated in value by $80,165.61. This means that the "actual cash value" of the parts needing repairs amounted to $131,380.95. State Auto provided Park Board with a check for $49,531.29 shortly after. Due to the deductible and prior payments State Auto had made to Park Board, this payment ensured that the $131,380.95 "actual cash value" determination was satisfied.[1] Under some circumstances, the Policy provides Park Board with the *full replacement cost* for damage to its property—including the amount of depreciation. State Auto informed Park Board that it would pay the $80,165.16 depreciation amount once repairs were completed. But it also advised that Park Board has "**2 years from the date of the loss in which to actually complete the repairs in order to collect the balance of the damages**"—a date that has passed. (Dkt. #39, Exhibit 4 at p. 3) (emphasis in original).

---

[1] State Board contends that it has actually paid Park Board more than the $131,380.95 by this point.

On April 22, 2019, State Auto filed Defendants State Automobile Insurance Company and Daniel Prough's Motion to Dismiss (Dkt. #39). The Court granted in part and denied in part State Auto's Motion. As the Court stated, "Plaintiff's claims [were] dismissed only to the extent they [sought] damages for policy benefits that have been paid following the appraisal process . . . ." (Dkt. #58). Consequently, Park Board's claim for breach of contract, as to the denial of its first request for appraisal, survived (Dkt. #58). "Park Board's extra-contractual claims" were deemed moot by the Court "to the extent they [sought] damages for policy benefits that State Auto paid following the appraisal process" (Dkt. #58). The remainder of Park Board's extra-contractual claims survived. Finally, the Court allowed Park Board's claims under the Texas Prompt Payment of Claims Act ("the PCCA") to survive after finding that "State Auto's prompt payment of the appraisal award does not immunize it from being in violation of the PCCA" (Dkt. #58).

On or about October 10, 2019, Park Board served Brett Lochridge "with a subpoena duces tecum to appear at the undersigned counsel's office on November 13, 2019 . . . ." (Dkt. #72). "The purpose of Lochridge's testimony," according to Park Board, "is to determine if the [appraisal] award must be set aside" (Dkt. #72). On October 23, 2019, Brett Lochridge filed Brett Lochridge' Motion to Quash or, in the Alternative, Modify Subpoena (Dkt. #71). Lochridge argues that, because of the Court's recent Memorandum Opinion and Order (Dkt. #58), "no claims remain in this action to which Mr. Lochridge has knowledge and his deposition can only be seen as harassment" (Dkt. #71). Accordingly, Lochridge requests that the Court quash the subpoena (Dkt. #71).

In the alternative, Lochridge argues that the Court should modify the date and scope of the subpoena (Dkt. #71). As to the date, Lochridge argues that he has informed Park Board that he is unavailable for a deposition on November 13 due to prior travel arrangements. Lochridge

accordingly requests that the Court "modify the subpoena to allow that Mr. Lochridge [] be deposed on a mutually convenient date" (Dkt. #71). As to the scope of the subpoena, Lochridge first argues that the Court should modify the subpoena *duces tecum* to exclude document requests 3-10 which "seek materials related to Mr. Lochridge's performance of his duties as an appraiser" (Dkt. #71). Lochridge similarly argues that document request 15 should be excluded because it "asks for documents related to the basis for the award" (Dkt. #71). Lochridge also opposes document requests 11-13 which "ask for Mr. Lochridge to produce all materials regarding his payment for acting as an appraiser and any other documents relating to work done for the Defendants" (Dkt. #71). Finally, Lochridge opposes document request 14 which "asks for every affidavit or deposition that Mr. Lochrdige has ever given" (Dkt. #71). This request, Lochridge continues, is "horrifically overbroad and is not even attempting to be narrowed to relevant information" (Dkt. #71).

On November 15, 2019, Park Board filed Plaintiff's Response to Brett Lochridge's Motion to Quash or, in the Alternative, Modify Subpoena (Dkt. #72). Park Board argues that Lochridge's Motion to Quash is "groundless" because the purpose of seeking the deposition of Lochridge is "to determine if the award must be set aside" (Dkt. #72). As to Lochridge's opposition to the requested documents, Park Board simply replies that the "deposition must move forward as set in the attached subpoena . . . ." (Dkt. #72). The Court now considers Brett Lochridge's Motion to Quash or, in the Alternative, Modify Subpoena (Dkt. #71).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably

calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Relevant information includes "any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In other words, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Consequently, "[u]nless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Brady*, 238 F.R.D. at 437. The Court has provided guidance in matters of discovery. The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #21 at pp. 3–4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Pursuant to Rule 45(d)(3), upon timely motion, "the court for the district where compliance is required must quash or modify a subpoena that," *inter alia*, requires disclosure of privileged or protected matter or subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). "The court must balance the need for discovery by the requesting party and the relevance of the discovery to

the case against the harm, prejudice, or burden to the other party." *RYH Properties, LLC v. West*, 2011 WL 13196550, at \*2 (E.D. Tex. Feb. 3, 2011) (citing *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003)). When determining whether a subpoena is unduly burdensome, a court may consider: "(1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed." *West*, 2011 WL 13196550, at \*2 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Brady*, 238 F.R.D. at 437). The Court may also consider whether "the subpoena was issued to a non-party to the litigation and the expense and inconvenience of compliance to the non-party." *Id.* (citing *Wiwa*, 392 F.3d at 818). The moving party has the burden of showing "that compliance with the subpoena[s] would be unreasonable and oppressive." *Wiwa*, 392 F.3d at 818.

## ANALYSIS

Lochridge asks that the Court quash Park Board's subpoena. In the alternative, Lochrigde asks that the Court modify the date and scope of the subpoena. The Court will address Lochridge's request that the Court quash the subpoena first. Then, if necessary, the Court will proceed to Lochridge's request that the Court modify the subpoena.

I.     Motion to Quash

While appraisals function as an alternative to litigation, they do not supplant adjudication. *See Sec. Nat. Ins. Co. v. Waloon Inv., Inc.*, 384 S.W.3d 901, 905 (Tex. App.—Houston [14th Dist.] 2012, no pet.). With that being said, a movant who wishes to set aside an appraisal award carries a heavy burden. [2] *See JM Walker LLC v. Acadia Ins. Co.,* 356 Fed. App'x. 744, 746 (5th Cir.2009).

---

[2] In its Memorandum Opinion and Order (Dkt. #58), the Court stated: "The amount of appraisal damages is not contestable, but other aspects of the insurer's conduct could entitle an insured to relief." The general spirit of the law

Under Texas law, "'appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain [them].'" *JM Walker,* 356 Fed. App'x. at 746 (5th Cir.2009) (quoting *Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 786 (Tex. App.—Houston 2004, no pet.)). Once an appraisal award has been made, the parties are estopped "from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *MLCSV10 v. Stateside Enterprises, Inc.*, 866 F. Supp. 2d 691, 698 (S.D. Tex. 2012) (citing *Lundstrom v. United Servs. Auto. Ass'n–CIC*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). "[A] court [should] indulge every reasonable presumption to sustain an appraisal award." *Id.* As such, "the burden of proof is on the party seeking to avoid the award." *Id.* Texas courts have recognized three situations in which a court may set aside an otherwise binding appraisal award. *Id.* Those situations include: "(1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy." *Id.*

The Court need not delve into whether any of these "situations" for potentially setting aside an appraisal award exist here. At this juncture, it is sufficient to note that Park Board is seeking the deposition of Lochridge on grounds that the appraisal award may need to be disregarded. The deposition of Lochridge—one of the three appraisers who determined what the award would be—is surely relevant to ascertaining whether some ground may exist for setting aside the appraisal award. *See* Fed. R. Civ. P. 26(b)(1). Indeed, should there be some flaw in the appraisal process, the testimony of Lochridge will uncover it. As Lochridge himself states, "Mr. Lochridge's

surrounding arbitration is indeed that, absent exceptional circumstances, a court should sustain the award. *MLCSV10*, 866 F. Supp. 2d at 698. Notwithstanding the spirit of the law, the letter of the law does permit a deviation from the usual practice. Consequently, while the Court provided an absolute statement in its earlier opinion, such statement should be disregarded to the extent that an exception to the general rule applies.

deposition *might* be relevant if Plaintiff was challenging the appraisal award . . . ." (Dkt. #71) (emphasis in original). Lochridge has "possibly" relevant information as to the appraisal process. According to *SEC v. Brady*, the "possibility" of relevant information alone is sufficient to warrant Lochridge's deposition. *See Brady*, 238 F.R.D. at 437; *see also Sanders*, 437 U.S. at 351 (stating that relevant information includes "any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.").

Notably, Park Board is not, as Lochridge maintains, seeking the deposition of Lochridge to contest the remaining claims—claims which Lochridge would have no knowledge of. Rather, Park Board is seeking evidence, as the Court has discussed, to possibly argue that the appraisal award must be disregarded because it was either made without authority, was the result of fraud, mistake, or accident, or was not in compliance with the requirements of the policy. *See MLCSV10*, 866 F. Supp. 2d at 698. While such an argument requires a heavy burden, the argument is permissible. *See id.* Thus, without more, Lochridge has not carried his burden in establishing that the subpoena should be quashed. *See West*, 2011 WL 13196550, at *2. The information sought is relevant and not for harassment or annoyance. *See* FED. R. CIV. P. 26(b)(1). Lochridge's Motion to Quash is accordingly denied.

II.     Motion to Modify

Having declined to quash Park Board's subpoena, the Court must now address Lochridge's alternative request; namely, Lochridge's request that the Court modify the date and scope of the subpoena. As to the date, Lochridge argues that he has informed Park Board that he is unavailable for a deposition on November 13 due to prior travel arrangements. Lochridge accordingly requests that the Court "modify the subpoena to allow that Mr. Lochridge [] be deposed on a mutually convenient date" (Dkt. #71). As to the document request, Lochridge first argues that the Court

should modify the subpoena *duces tecum* to exclude document requests 3-13 and 15. The requests should be modified, Lochridge maintains, because these requests are grounded in a challenge of the appraisal award—a challenge which Lochridge argues is not permitted. Further, Lochridge opposes document request 14 which "asks for every affidavit or deposition that Mr. Lochrdige has ever given" (Dkt. #71). This request, Lochridge maintains, is "horrifically overbroad and is not even attempting to be narrowed to relevant information" (Dkt. #71). The Court considers each contention in turn.

### a. Date of the Deposition

As the date for the subpoenaed deposition has already passed, that matter is moot. With that being said, the Court reminds the parties that they should seek to cooperate with one another in every matter. L.R. AT-3 ("A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves."). Therefore, the parties should strive to hold the deposition on a mutually convenient date.

### b. Document Requests

There are essentially two categories of objections to the requested documents. First, as to document requests 3-13 and 15, Lochridge objects that the requests center around a challenge to the appraisal award which is impermissible. Second, as to document request 14, Lochridge objects on the grounds that the request is overbroad and seeks irrelevant information. The Court addresses the objections to document requests 3-13 and 15 first, then turns to the objections surrounding document request 14.

### i. Document Requests 3-13 and 15

As to the scope of the deposition, Lochridge avers that the "documents sought in the subpoena *duces tecum* are overboard, unduly burdensome, and seek documents that are not relevant" (Dkt. #71). Lochridge's arguments as to document requests 3-13 and 15 all coalesce around the argument that these requests are irrelevant because Park Board cannot challenge the appraisal award. But, as the Court discussed, Park Board is permitted to challenge the appraisal award in limited circumstances. *See MLCSV10*, 866 F. Supp. 2d at 698 (citing *Lundstrom*, 192 S.W.3d at 87). As such, Park Board is permitted to seek materials which are relevant to its argument. *See* FED. R. CIV. P. 26(b)(1). This includes the information encompassed within document requests 3-13 and 15. As the impropriety of challenging the appraisal award is Lochridge's sole ground for objecting to the document requests, and the Court has rejected that ground, the Court will not modify the subpoena. All that is left, then, is document request 14.

### ii. Document Request 14

Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citing *Murphy v. Deloitte & Touche Group Ins.*, 619 F.3d 1151, 1163 (10th Cir. 2010)); *see also Crawford–El v. Britton,* 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

Document request 14 states that Lochridge is "commanded to produce and permit inspection and copying of the following documents, electronically stored information or tangible things: 14. Affidavits or prior deposition testimony" (Dkt. #71, Exhibit 1). Lochridge is correct, Park Board's request is overbroad. Indeed, Park Board does not even attempt to narrow the sought-after materials to relevant information. As the Court stated, discovery is not an excuse for a fishing

expedition. *See Crosby*, 647 F.3d at 264. Accordingly, the Court hereby narrows document request 14 to cover only affidavits or deposition testimony related to the appraisal award at issue.

## CONCLUSION

It is therefore **ORDERED** that Brett Lochridge's Motion to Quash or, in the Alternative, Modify Subpoena (Dkt. #71) is **DENIED** save Lochridge's request that document request 14 be modified which is hereby modified to only cover affidavits or deposition testimony related to the appraisal award at issue.

**SIGNED this 23rd day of December, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE